**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ARAMARK SERVICES, INC. f/k/a ARMARK CORPORATION, et al., | |
| *Plaintiffs,* | CIVIL ACTION NO. 26-1664 |
| v. | |
| QCC INSURANCE COMPANY D/B/A INDEPENDENCE ADMINISTRATORS, et al., | |
| *Defendants.* | |

**Pappert, J.**                                                                                    **May 11, 2026**

### MEMORANDUM

Aramark Services, Inc., Aramark Services, Inc. Group Health Plan, Aramark Uniform Services Health and Welfare Plan, and Aramark Benefits Compliance Review Committee sued QCC Insurance Company, Independence Blue Cross, and Independence Health Group, Inc., alleging breaches of fiduciary duty and for engaging in transactions prohibited under ERISA. Aramark moved for an order allowing it to file the Complaint and Exhibits 1 through 3 under seal, which the Court denied because it did not overcome the presumption against sealing. QCC then moved to re-seal the exhibits and file redacted versions on the public docket. The Court grants the motion.

I

The public has a presumptive right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). That right encompasses "all judicial records and documents," including "pleadings and other materials submitted by litigants." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216,

1

220 (3d Cir. 2011) (citation omitted and modified).  To overcome the presumption, the movant must show "the material [sought to be sealed] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  *In re Avandia*, 924 F.3d at 672 (citation omitted).  "In delineating the injury to be prevented, specificity is essential."  *Id.* at 673 (citation omitted).  "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *Id.* (citation omitted)

In granting a motion to seal, the Court must engage in "careful factfinding and balancing of competing interests."  *Id.* at 677 (citation omitted).  The review must be "document-by-document," and the Court must "make specific findings on the record concerning the effects of disclosure" and "provide an opportunity for interested third parties to be heard."  *Id.* at 672–73 (citation modified and omitted).  Where only portions of a judicial record overcome the burden to seal, the Court should consider "the least restrictive means to protect the privacy interests at stake."  *McCowan v. City of Philadelphia*, No. 19-cv-3326, 2021 WL 3737204, at *5 (E.D. Pa. Aug. 24, 2021).

II

A

Exhibit 1, (Dkt. No. 1-3), is the administrative services agreement between the parties.  QCC seeks to redact:

- Charges and fees for its products and services, (*id.* at 26–27);

- Information on its extra-contractual cost reduction and savings program, (*id.* at 10–11, 27, 35);

- Charges and fees for its telemedicine services, (*id.* at 30);

- Fees for its medical program administrative services from January of 2019 to December of 2021, (*id.* at 32);

- Its base medical administrative fee scale, annual medical administration fee, and the reporting fee, (*id.* at 33, 37, 63); and

- Inter-Plan Arrangement Fees, (*id.* at 47.)

This information "is not publicly available, is closely guarded by [QCC] in the ordinary course of business, and is disclosed to counterparties only subject to contractual confidential protections."  (Mot. ¶ 9, Dkt. No. 26.)

QCC overcomes the presumption against sealing.  The charges and fees are "the kind of information that courts will protect," *In re Avandia*, 924 F.3d at 672, because they "are sources of business information that might harm [its] competitive standing," *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  And QCC specifically describes how disclosure would work a clearly defined and serious injury.  If the information remains on the public docket, its competitors could "reverse-engineer [its] pricing strategies, rate structures, and recovery economics, enabling them to undercut [it] in competitive bids and negotiations with plan sponsors and employer groups."  (Mot. ¶ 10.)  They also could "replicate or exploit [QCC's] cost-savings and recovery methodologies without incurring the substantial investment required to develop those systems independently."  (*Id.*); *see also Gerwitz v. Corizon Health*, No. 19-6191, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020) (sealing "confidential information, which "if released, could put [the company] at a competitive disadvantage").

In addition, the redactions are "limited in scope to cover only information that is not only sensitive to [QCC's] business but also largely irrelevant to this [ERISA]

suit. . . . [T]herefore, the redactions and sealing only marginally affect the public's right to access materials filed in relation to the proceedings." *Prior v. IntegriChain, Inc.*, No. 24-2980, 2026 WL 561046, at \*4 (E.D. Pa. Feb. 27, 2026).

B

Exhibit 2, (Dkt. No. 1-4), is the administrative and network services contract between the parties.  QCC seeks to redact:

- Information on its Cost Reduction, Recovery, and Savings Program, (*id.* at 8);

- Information on its Price Protection Program, (*id.* at 10–11, 27, 35);

- Administrative Fees for Medical Benefits Administration and Telemedicine Medical Administration, (*id.* at 31–32);

- Additional Renewal Fees, Behavioral Health Network, Stop-Loss Bundling Credit, Third-Party PBM Vendor Integration, and Network Fees and Claims Administration Fees for the BlueCard Program, (*id.* at 32–33); and

- BlueCard Fees and Regional Network Fees, (*id.* at 45–46.)

Again, this information is not publicly available and is confidentially disclosed to counterparties.  (Mot. ¶ 9.)

For the same reasons as with Exhibit 1, QCC overcomes the presumption against sealing.  If disclosed, the information might harm QCC's competitive standing. *See Westinghouse Elec. Corp.*, 949 F.2d at 662.  Competitors could reverse-engineer its fees to undercut QCC's competitive bids or replicate its cost-saving methods.  (Mot. ¶ 10.)  Moreover, the redactions are limited to commercially sensitive information and thus minimally impact the public's right to access.  *Prior*, 2026 WL 561046, at \*4.

C

Finally, Exhibit 3, (Dkt. No. 1-5), is QCC's proposal to Aramark for its administrative services, which includes, among other things, current fees, renewal fees, value added services, member solutions, preferred vendor ancillary products, and terms, conditions, and disclosures.  QCC seeks to redact the Renewal Program Fees, (*id.* at 4), fees for value added services, (*id.* at 6–10), and information on QCC's cost reduction, recovery and savings programs, (*id.* at 13.)

For the reasons already stated, QCC overcomes the presumption against sealing. The information might harm its competitive standing, and it articulates how disclosure will work a clearly defined and serious injury.  The redactions are also the least restrictive means to protect the privacy interests at stake.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

5