**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARAMARK SERVICES, INC. f/k/a ARAMARK CORPORATION *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>QCC INSURANCE COMPANY d/b/a INDEPENDENCE ADMINISTRATORS *et al.*,<br><br>Defendants. | Civil Action No. 2:26-cv-01664-GJP |

**JOINT STATUS REPORT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f)(2) and the Court's Standing Orders, Aramark Services, Inc. f/k/a Aramark Corporation; Aramark Services, Inc. Group Health Plan; Aramark Uniform Services Group Health and Welfare Plan; and Aramark Benefits Compliance Review Committee (collectively, "Plaintiffs," or sometimes "Aramark" (when referenced by Plaintiffs)) and QCC Insurance Company d/b/a Independence Administrators ("QCC"); Independence Blue Cross; and Independence Health Group, Inc. (collectively, "Defendants," or sometimes "Independence" (when referenced by Plaintiffs)) jointly submit this report after their June 11, 2026 conference of counsel.[1]

[1] Additionally, in this report, Plaintiffs and Defendants collectively are referenced as "the Parties."

## 1. Brief Description of the Case

### a. Plaintiffs' Description

Aramark, a large self-funded employer, hired Independence in 2018 to serve as the third-party administrator and named claims fiduciary for its two ERISA welfare benefits plans. Aramark entrusted Independence with more than $600 million in plan assets to review, price, and pay claims for payment submitted by healthcare providers for medical care rendered to Aramark employees and their families. Because Aramark lacked in-house claims-administration expertise and had no visibility into how claims were reviewed, processed, and paid, Aramark depended entirely on Independence to ensure that plan funds were used only to pay legitimate claims at reasonable amounts.

Aramark asserts that Independence breached its ERISA fiduciary obligations in myriad ways, including overpaying claims that should have been denied or at least scrutinized, such as high-value claims (over $100,000) approved without medical-record review, paying claims for services expressly excluded from coverage, paying duplicate and facially inconsistent claims, paying unjustifiably high-priced claims, and various fraudulent or abusive billing schemes. Aramark further alleges that Independence engaged in "cross-plan offsetting," charged undisclosed and unreasonable fees, commingled plan funds, and concealed all of this through inaccurate reporting, restrictive audit provisions, providing incomplete and

inaccurate claim information, and refusal to turn over industry-standard claims data (the ASC X12 835 electronic remittance records).

Aramark seeks appropriate equitable relief which includes reimbursement of plan losses, disgorgement of Independence's profits, declarations that Independence is an ERISA fiduciary, injunctive relief compelling production of claims data, an accounting, and attorneys' fees and costs.

**b. Defendants' Description**

This case arises from a commercial dispute concerning the services provided under Administrative Services Agreements ("ASAs") associated with two self-funded health plans sponsored by Plaintiff Aramark Services, Inc. for its employees and their dependents. Defendant QCC served as a third-party administrator ("TPA") and provided claims-administration and other services pursuant to those agreements. Defendants contend that Plaintiffs seek to recast alleged contractual disagreements concerning claims processing, provider payments, recovery efforts, and other contract-related services as ERISA fiduciary-breach claims, even though the alleged losses identified in the Complaint were incurred by Plaintiff Aramark Services, Inc. as the plans' sponsor and funding source rather than by the self-funded plans themselves or the plans' beneficiaries.

Defendants further maintain that the conduct challenged in the Complaint concerns contractual and ministerial functions, rather than fiduciary decision-

making governed by ERISA. The ASAs did not confer the broad discretionary authority alleged by Plaintiffs, and the challenged activities—including alleged overpayments, recovery practices, subrogation efforts, cross-plan offsetting, and claims-administration processes—either fall outside any fiduciary role or otherwise do not support the ERISA claims asserted. Still further, Defendants dispute Plaintiffs' request for equitable and declaratory relief, contending that several Plaintiffs lack statutory standing under ERISA and that the Complaint fails to satisfy the requirements necessary to obtain the remedies sought. Accordingly, Defendants deny all liability and deny Plaintiffs are entitled to any of the relief requested in the Complaint.

**2. Basis of Jurisdiction**

Plaintiffs assert, and Defendants do not contest, that the Court has federal question jurisdiction because Plaintiffs' pleaded claims arise under a federal statute, namely ERISA, 29 U.S.C. §§ 1001 *et seq*. *See* 28 U.S.C. § 1331. Federal courts have exclusive jurisdiction over ERISA civil actions brought under the ERISA provisions here invoked, 29 U.S.C. § 1132(a)(2), 1132(a)(3). *See* 29 U.S.C. § 1132(e)(1). Defendants challenge the statutory standing of certain Plaintiffs, but not constitutional standing.

**3. Attendance at the Rule 26(f) Conference**

Counsel listed below participated in a Federal Rule of Civil Procedure 26(f) conference on June 11, 2026. The conference was conducted virtually.

| Plaintiffs' Counsel | |
|---|---|
| **Attendee** | **Firm** |
| David Schiefelbein | McKool Smith, a professional corporation |
| Vinita Davey | |
| Nina Kalandadze | Duane Morris, LLP |
| **Defendants' Counsel** | |
| **Attendee** | **Firm** |
| Anthony F. Shelley<br>Katherine E. Pappas<br>DeMario M. Carswell | Miller & Chevalier Chartered |

**4. Initial Disclosures**

Pursuant to the Court's June 24, 2026 and July 13, 2026 Orders (Dkt. Nos. 36 & 38), Initial Disclosures were made on or before July 24, 2026.

**5. Dispositive Motions**

On April 29, 2026, Defendants filed a Rule 12(b)(6) motion to dismiss, arguing that: (i) certain Plaintiffs lack statutory standing to pursue claims under ERISA; (ii) Plaintiffs seek relief that is not available under ERISA, 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3); (iii) Defendants are not ERISA fiduciaries, or were not acting as ERISA fiduciaries with respect to the conduct challenged in the Complaint; (iv) Plaintiffs' Declaratory Judgment Act claim fails to provide an

independent cause of action; and (v) Plaintiffs are not entitled to a jury trial under the Seventh Amendment because they seek only equitable relief.

In its Opposition filed on May 26, 2026, Aramark argues that Independence is disputing well-pleaded facts rather than testing their sufficiency. Aramark has standing because Independence conceded the Committee's fiduciary status, Aramark Services retained relevant fiduciary duties (contracting for and monitoring claims administration), and the plans are the statutory victims under § 502(a)(2). Aramark further asserts that Independence is a fiduciary because it is named in the governing agreements, it exercises functional discretionary authority, and it exercises "authority or control" over plan assets. That status cannot be disclaimed by labeling the work "ministerial." The monetary equitable relief that Aramark seeks, namely surcharge, is available against a fiduciary under *Amara* and *Menkes*.

In addition to the pending motion to dismiss, the Parties anticipate there may be motions for summary judgment and propose that such motions be filed consistent with the proposed schedule.

### 6. Discovery Plan

The Parties are in general agreement on the scope of discovery that should occur if the Court does not grant Defendants' pending motion to dismiss. But the Parties disagree, as noted more fully below, on when any discovery should commence, with Defendants contending that all discovery should be postponed until resolution of their pending motion to dismiss.

#### a. Parties' Positions on Timing for Commencement of Discovery

***Plaintiffs' Position***

Eastern District of Pennsylvania case law is clear: the pendency of a Rule 12 motion to dismiss does not stay discovery. Courts apply a balancing test, and a stay is appropriate only "where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. 1995)).

Aramark respectfully submits that discovery should not be stayed pending resolution of Independence's motion to dismiss. The balancing factors weigh against a stay in this case. First, the motion to dismiss is unlikely to eliminate or substantially narrow discovery. Independence's arguments challenge standing, fiduciary status, and the legal sufficiency of the pleadings, but even if any claim

were dismissed, the core factual discovery regarding Independence's claims administration practices, fee structures, and handling of plan assets will be necessary to resolve the remaining claims.

Second, significant harm will result from delay. This case involves nearly ten years of claims data and complex financial analysis. A stay would postpone critical document production—including the collection and production of ASC X12 medical claims data and related financial records. Aramark has already obtained and reviewed certain claims data, which has informed its claims and confirmed the need for complete production. Aramark's position is that this discovery should be prioritized because necessary expert work cannot meaningfully begin until those materials are produced.

The discovery Aramark seeks is not burdensome or oppressive. It is standard claims-administration discovery that Independence maintains in the ordinary course of business. The harm from delay plainly outweighs any speculative benefit from awaiting the Court's ruling on the motion to dismiss. Discovery should proceed.

***Defendants' Position***

Defendants believe that discovery should be stayed because, under Judge Pappert's Policies and Procedures, the Court schedules the Rule 16 conference "shortly after all defendants have answered the Complaint," and directs the parties

to submit a proposed discovery plan in advance of that conference. Judge Pappert Policies & Procedures § II.A (Rev. June 2025). Because Defendants have moved to dismiss the Complaint, those prerequisites will not be satisfied unless and until the motion is denied in some measure.

Moreover, commencement of discovery while a potentially dispositive motion remains pending would undermine judicial economy and impose unnecessary costs to litigate claims that may not survive dismissal or at least that may be significantly narrowed by the Court's ruling on Defendants' pending motion to dismiss. And Defendants anticipate filing counterclaims in the event the motion to dismiss is not granted in full and they are required to answer. Beginning discovery before all claims and defenses are stated would be inefficient and risk more rounds of discovery to add to requests that could have been more focused from the start had discovery awaited the close of the pleadings.

"It is well-settled that the management of the discovery process is left to the discretion of the district court, and a decision to stay discovery pending resolution of a potentially dispositive motion falls within such discretion." *Carlson v. PNC Fin. Servs. Grp., Inc.*, No. CV 25-5702, 2026 WL 922407, at *1 (E.D. Pa. Jan. 6, 2026). A stay of discovery is particularly appropriate where, if the motion to dismiss is granted, "discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (affirming stay of discovery). Staying discovery while Defendants'

motion to dismiss is pending to avoid potentially unnecessary and costly discovery clearly outweighs any minimal prejudice to Plaintiffs, if any exists at all, as Plaintiffs seek no injunctive relief on their ERISA claims or otherwise have indicated any urgency for the litigation (and, indeed, waited years since the start of 2018, which seems to be the beginning of their relevant litigation period, to bring the litigation). *See Flores v. Pennsylvania Dep't of Corr.*, No. 3:CV-12-1149, 2013 WL 2250214, at *2 (M.D. Pa. May 22, 2013) (granting motion to stay discovery pending resolution of motion to dismiss).

**b. Scope of Potential Discovery**

On the scope of potential discovery, the Parties agree that 25 interrogatories and 15 depositions per side are appropriate. The Parties also anticipate additional requests for production and requests for admission. Aramark's position is that certain core discovery should be prioritized including, specifically, production of all ASC X12 medical claims data that the applicable regulations define and mandate. Defendants disagree that medical claims data should be afforded any special priority and maintain that any discovery concerning such data should proceed through the normal discovery process. Defendants further do not concede that the production of any medical claims data in this litigation is required by any statute or regulation, and instead maintain that any discovery obligations are governed by the Federal Rules of Civil Procedure and the Court's discovery orders.

The Parties anticipate the need to subpoena third parties, with Plaintiffs anticipating subpoenaing healthcare providers and other entities with relevant claims information and Defendants anticipating subpoenaing other service providers associated with the relevant ERISA plans. To the extent any authorizations or releases are required to be signed, counsel will confer and exchange them in advance of the Rule 16 Conference, to the extent known at that time.

The Parties agree this matter is an exception to the Court's general practice. According to Judge Pappert's Policies and Procedures, in standard track cases, the Court usually allows from 90 to 120 days from the date of the Rule 16 conference to complete discovery. Non-exhaustive reasons for an enlarged schedule in this Action are: (i) the sensitive and complex nature of the information being exchanged in discovery; (ii) the scope of potentially discoverable information, which Plaintiffs maintain goes back nearly 10 years; and (iii) the Parties anticipate substantial expert work and analysis being done. The Parties agree, and respectfully submit, that the Action warrants departure from the Court's usual practice and that additional time for discovery is required.

The Parties have reached tentative agreement on timing intervals for a proposed discovery schedule, with the understanding that they maintain differing views regarding when the discovery should commence.

***Plaintiffs' Proposed Discovery Schedule:***

| Event | Deadline |
|---|---|
| Deadline for Third Party Subpoenas | April 16, 2027 (90 days before close of fact discovery) |
| Fact Discovery | July 15, 2027 (assuming fact discovery begins July 15, 2026, 12 months from beginning of fact discovery period) |
| Affirmative Expert Reports (Issues on which Party has burden) | August 14, 2027 (30 days after close of fact discovery) |
| ADR | The Parties must consider whether ADR is appropriate by September 13, 2027 (30 days after affirmative expert reports) |
| Responsive Expert Reports | November 27, 2027 (75 days after ADR deadline) |
| Rebuttal Expert Reports | December 27, 2027 (30 days after responsive expert reports) |
| Close of All Discovery | January 26, 2028 (30 days after rebuttal expert reports) |
| Motions for Summary Judgment | February 25, 2028 (30 days after close of all discovery) |

Aramark anticipates needing approximately 10 days to try its case-in-chief.

***Defendants' Proposed Discovery Schedule*** (in the event the motion to dismiss is not granted in full):

| Event | Deadline |
|---|---|
| Fact Discovery | Begins 30 days after a ruling on Defendants' motion to dismiss; fact discovery to close 12 months from the start of fact discovery |
| Deadline for Third Party Subpoenas | 90 days before close of fact discovery |
| Affirmative Expert Reports (Issues on which Party has burden) | 30 days after close of fact discovery |
| ADR | The Parties must consider whether ADR is appropriate 30 days after affirmative expert reports |
| Responsive Expert Reports | 60 days after affirmative expert reports deadline |
| Rebuttal Expert Reports | 30 days after responsive expert reports deadline |
| Close of All Discovery | January 26, 2028 (30 days after rebuttal expert reports) |
| Motions for Summary Judgment | February 25, 2028 (30 days after close of all discovery) |

Defendants believe 7 days would be sufficient for any trial.

**c. Other Matters**

Plaintiffs are prepared to participate in a settlement conference at any time. Defendants believe that a settlement conference should await resolution of their pending motion to dismiss.

The Parties do not wish to proceed before a Magistrate Judge for final disposition.

**7. Protective Orders and Privilege**

The Parties have discussed issues relating to claims of privilege and protection of trial preparation material as required by Rule 26(f)(3)(D). Aramark provided Defendants with a proposed HIPAA-qualified protective order, and the Parties anticipate agreeing to a proposed protective order that they will jointly submit to be so-ordered by the Court.

**8. Request for Rule 16 Conference**

***Plaintiffs' Position:***

Aramark respectfully requests that the Court hold a Rule 16 conference and enter a scheduling order at its earliest convenience.

***Defendants' Position:***

As discussed in greater detail in Section 6 above, and consistent with Judge Pappert's Policies and Procedures, Defendants believe that a Rule 16 conference is premature because "all defendants have [not] answered the Complaint." That condition will not be satisfied unless the Court denies Defendants' motion to dismiss in whole or in part. Alternatively, Defendants submit that a Rule 16 conference should be deferred until the motion to dismiss is resolved because the motion may dispose of all claims against Independence or substantially narrow the claims and issues remaining in the case and because Defendants may assert counterclaims in due course that would affect the scope and promulgation of discovery. Respectfully, proceeding with case management and discovery planning before resolution of the

motion would be inefficient, as the proper scope of discovery—if any is ultimately required—cannot be determined until the Court rules on the motion to dismiss.

Counsel that will participate in the Rule 16 Conference are listed below.

| **Plaintiffs' Counsel** | |
|---|---|
| **Attendee** | **Firm** |
| Jon Corey | McKool Smith, a professional corporation |
| David Schiefelbein | |
| Larry Pockers | Duane Morris, LLP |
| Sarah O'Laughlin Kulik | |
| Nina Kalandadze | |

| **Defendants' Counsel** | |
|---|---|
| **Attendee** | **Firm** |
| Joshua Drew<br>Anthony F. Shelley<br>Katherine E. Pappas<br>DeMario M. Carswell | Miller & Chevalier Chartered |

*/s/ Jon Corey*
Jon Corey (DC Bar No. 491311)
(Admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
Email: jcorey@mckoolsmith.com

David I. Schiefelbein
(NY Bar No. 4767398)
(Admitted *pro hac vice*)
Daniel I. Hendler (NY Bar No. 5378187)
(Admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Fax: (212) 402-9444
Email: dschiefelbein@mckoolsmith.com
dhendler@mckoolsmith.com

*/s/ Lawrence H. Pockers*
*/s/ Nina A. Kalandadze*
Lawrence H. Pockers (PA No. 84589)
Sarah O'Laughlin Kulik (PA No. 318534)
Nina Kalandadze (PA No. 329064)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Fax: (215) 979-1020
Email: lhpockers@duanemorris.com
sckulik@duanemorris.com
nkalandadze@duanemorris.com

***Attorneys for Plaintiffs Aramark Services, Inc.; Aramark Services, Inc. Group Health Plan; Aramark Uniform Services Group Health and Welfare Plan; and Aramark Benefits Compliance Review Committee***

- and -

*/s/ DeMario M. Carswell*
Joshua Drew (PA Bar No. 310927)
Anthony F. Shelley
(Admitted *pro hac vice*)
Katherine Pappas
(Admitted *pro hac vice*)
DeMario M. Carswell
(Admitted *pro hac vice*)
**Miller & Chevalier Chartered**
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: jdrew@milchev.com
ashelley@milchev.com
kpappas@milchev.com
dcarswell@milchev.com

***Attorneys for Defendants QCC Insurance Company d/b/a Independence Administrators; Independence Blue Cross; and Independence Health Group, Inc.***