**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ARAMARK SERVICES, INC. f/k/a ARAMARK CORPORATION; and ARAMARK BENEFITS COMPLIANCE REVIEW COMMITTEE,

Plaintiffs,

v.

QCC INSURANCE COMPANY D/B/A INDEPENDENCE ADMINISTRATORS; and INDEPENDENCE BLUE CROSS,

Defendants.

CIVIL ACTION NO. 2:26-cv-01664-GJP

**[PROPOSED] AGREED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Aramark Services, Inc. f/k/a Aramark Corporation and Aramark Benefits Compliance Review Committee (collectively, "Plaintiffs") and Defendants QCC Insurance Company d/b/a Independence Administrators and Independence Blue Cross (collectively, "Defendants," and together with Plaintiffs, the "Parties") desire to obtain a protective order to prevent inappropriate or unauthorized dissemination or disclosure of information and tangible things which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information, including Protected Health Information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rule of Civil Procedure 26(c), and with the understanding that the Court reserves its inherent

power to modify the terms of this Order and permit the disclosure of information where the interest of justice so requires, that the following provisions govern the disclosure and discovery of information and tangible things in these proceedings.

1. **Scope of Protection.** This Order shall govern any record of information produced in this case and designated pursuant to this Order, including any designated deposition testimony, designated testimony taken at a hearing or other proceeding, designated exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Order shall apply to the Parties and to any nonparty from whom discovery may be sought who desires the protection of this Order.

The Parties may produce certain Confidential Information, as defined below, for use in this Action subject to the terms of this Order. This Order, or any agreement thereto, shall not be deemed a waiver of any party's right to object to any discovery requests on any grounds or to dispose of any objections.

Furthermore, pursuant to 45 C.F.R. § 164.512 and this Order, the Parties are authorized to receive, subpoena, transmit, or disclose Protected Health Information ("PHI"), as defined below, concerning the medical claims, including underlying services, at issue in this Action, subject to the terms of this Order.

2. **Definitions.** The term Confidential Information shall mean trade secrets, confidential or proprietary financial, business, health, or medical information, including commercially sensitive or proprietary information and protected health information and/or medical record information deemed private under state and federal laws, as applicable, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations

promulgated thereunder ("HIPAA"). Without limitation, Confidential Information includes all claims data, claims adjudication materials, reimbursement methodologies, pricing information, provider contracting information, utilization management processes, overpayment recovery processes, internal guidelines, and communications regarding plan administration.

The term PHI shall constitute a subset of Confidential Information defined by HIPAA and the regulations promulgated thereunder, *see* 45 C.F.R. parts 160 and 164, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information as prescribed in paragraph 3. This Order does not authorize the disclosure of PHI under any other circumstances.

PHI shall mean and include information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. PHI shall include, but is not limited to, claim data, claim forms, grievances, appeals, notes, summaries, compilations, extracts, abstracts, oral communications, or other such documents that contain, are based on, or are otherwise derived from patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

a. names;

b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code, and their equivalent geocodes;

c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

and all ages over 89 and all elements of dates (including year), indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

d. telephone numbers;

e. fax numbers;

f. electronic mail addresses;

g. social security numbers;

h. medical record numbers;

i. health plan beneficiary numbers;

j. account numbers;

k. certificate/license numbers;

l. vehicle identifiers and serial numbers, including license plate numbers;

m. device identifiers and serial numbers;

n. web universal resource locators ("URLs");

o. internet protocol ("IP") address numbers;

p. biometric identifiers, including finger and voice prints;

q. full face photographic images and any comparable images; and/or

r. any other unique identifying number, characteristic, or code.

All PHI disclosed pursuant to this Order constitutes Confidential Information under paragraph 3, irrespective of whether it is expressly designated as such.

3. **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or otherwise identifying the information as Confidential Information at the time of production. A producing Party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the Court or to opposing counsel as containing Confidential Information when such papers are served or sent. The Parties

may also designate certain information as "ATTORNEYS' EYES ONLY," subject to paragraph 4. Such designation shall be made at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

The Parties may designate information disclosed at any deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order or, alternatively, by any Party within 30 days of receipt of the deposition transcript. No person shall attend a portion of any deposition that has been designated on the record as Confidential, or that discusses or utilizes documents or information previously designated as Confidential, unless such person is qualified by this Order to have access to such information. The court reporter shall stamp the portions of deposition testimony designated as containing Confidential Information as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER," or "ATTORNEYS' EYES ONLY–SUBJECT TO PROTECTIVE ORDER," and access thereto shall be limited as provided herein. Furthermore, Confidential Information shall not lose its character because it is designated as an exhibit to a deposition (if any), regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "Confidential Information." To allow for possible designations of testimony as Confidential, the Parties shall treat all testimony as Confidential for 30 days from the date of transmission of the deposition transcript.

It is the responsibility of counsel for each Party to maintain documents and materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order. The Parties further agree to take appropriate measures to ensure that, throughout the pendency of this proceeding, Confidential Information shall be disclosed only to those persons

designated to receive such information.

4. **Limitations on Designation of Confidential Information as Attorneys' Eyes Only.** Nothing shall be designated as Attorneys' Eyes Only information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party or of a non-party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

5. **Specific Provisions Concerning Disclosure of Confidential Information Containing PHI.** Upon receipt of any Confidential Information containing PHI disclosed between the Parties during the course of this Action, the receiving Party shall take all measures necessary for protecting such Confidential Information from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, *et seq.*, and any other relevant state or federal law. For any documents containing PHI that are filed, only the minimal PHI necessary for the Party's purpose shall be disclosed. Additionally, documents containing PHI that are exchanged between Parties must always be transmitted in a password-protected file or other secure format.

Notwithstanding any other provisions of this Order, a Producing Party may visibly redact[1] the following sensitive PHI[2]:

---

[1] For the avoidance of doubt, "visibly redact" requires that the extent of any and all redactions made pursuant to this Section 5 be reflected on the face of the produced documents. To the extent that documents cannot be visibly redacted, a redaction log must be provided identifying any information that has been withheld that was not visibly redacted.

[2] Nothing in this paragraph 5 shall prevent either party from seeking further orders from the Judge in order to comply with federal or state requirements, as may be necessary and appropriate as the case progresses.

a. non-party individual information reflecting the performance of a human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS), including but not limited to evidence that an HIV test was performed, results of such tests, and/or any diagnoses;

b. non-party individual information reflecting the diagnosis, and/or evaluation, and/or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction;

c. non-party individual information reflecting genetic testing results—i.e. presymptomatic laboratory tests that analyze the individual's DNA, RNA, proteins, or chromosomes and which are performed to identify any genetic variation, composition, or alteration that is associated with the individual's having a predisposition for developing or being a carrier of a clinically recognized disease, disorder, or syndrome;

d. other sensitive non-party individual information which is expressly prohibited by federal or state laws.

In the event of any actual or suspected unauthorized access, use, or disclosure of Confidential Information, including PHI, the receiving Party shall promptly notify the Producing Party in writing, provide details regarding the scope and nature of the incident, and cooperate fully in any efforts to investigate, mitigate, and remediate the access, use, or disclosure.

6. **Burden of Proof and Challenges to Confidential Information.** The Party designating information, documents, materials or items as Confidential or Attorneys' Eyes Only, or otherwise redacting information pursuant to Section 5 above, bears the burden of establishing confidentiality and/or the propriety of the redactions. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Confidential or Attorneys' Eyes Only or to the application of redactions. If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's redaction or

designation of any document or information as Confidential or Attorneys' Eyes Only or disagrees with a Party's failure to designate a document or information as Confidential or Attorneys' Eyes Only, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the designating Party shall advise whether the designating Party will remove the redaction or change the designation of the document or item. If this cannot be resolved between the Parties after conferring, then the dispute may be presented to the Court consistent with the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

7. **Restrictions on Disclosure.** Subject to the rights of a Party in paragraph 9, all Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by the Parties in this Action shall be subject to the following restrictions:

a. such documents, information, and things shall be used only for the purpose of this specific Action and not for any other purpose whatsoever;

b. such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

c. no one except Qualified Persons identified in paragraph 10 shall be provided copies of any Confidential Information, and such Qualified Persons shall hold such information received from the disclosing Party in confidence, shall use the information only for purposes of this Action, and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as allowed by this Order.

8. **Additional Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** Notwithstanding the provisions of paragraph 7, all Confidential Information designated as Attorneys' Eyes Only produced or disclosed by the Parties shall be

subject to the following restrictions:

a. such documents, information and things shall be used only for the purpose of this Action and not for any other purpose whatsoever;

b. such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than the Court and Qualified Persons identified in paragraphs 10(a), 10(b), 10(c), 10(d), 10(e), and 10(h) below, which persons receiving Confidential Information designated as **Attorneys' Eyes Only** shall not make further disclosure to anyone except as allowed by this Order;

c. such documents, information and things shall be maintained only at the offices of the Court and such Qualified Persons identified in paragraphs 10(a), 10(b), 10(c), 10(d), 10(e), and 10(h); and

d. no one except the Court and Qualified Persons identified in paragraphs 10(a), 10(b), 10(c), 10(d), 10(e), and 10(h) shall be provided copies of any Confidential Information designated as **Attorneys' Eyes Only**.

9. **The Parties' Right to Use Confidential Information.** Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit. Any Party that intends to file with the Court any document or material containing another Party's Confidential Information, including PHI, shall file a motion to seal such document or material in accordance with applicable law and the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

Nothing in this Order shall preclude a Party from offering into evidence at any hearing documents or information designated as Confidential Information, subject to the Court's discretion and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures as it deems appropriate to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 10 and who have signed Exhibit A, where necessary, under this Order.

In the event that any receiving Party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

In connection with any hearing or submissions to the Court, nothing in this Order prevents a Party from de-identifying PHI to prevent unnecessary disclosure where appropriate in the Party's discretion (provided such identification is not relevant to adjudication of the issues presented).

10. **Qualified Persons**. "Qualified Persons" means:

a. the Court and its authorized personnel, under such safeguards as the Court may direct, any other court or judge with jurisdiction over this Action or any appeal thereof, including any authorized personnel of such persons, any mediator selected or agreed-upon by the Parties or assigned in connection with this Action;

b. the Clerk of the Court and authorized court personnel;

c. counsel for the Parties, employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel), and in-house counsel and legal staff;

d. independent third parties retained by counsel (e.g., vendors of litigation support services), and third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses if any, and their employees, whose access to Confidential Information is necessary for the purposes of preparation, pre-trial discovery and proceedings, trial, appeal, settlement or administration of this Action;

e. present employees of a named Party who have direct need to access Confidential Information for the purposes of assisting counsel in this Action, and only to the extent reasonably necessary, including for pre-trial discovery and proceedings, trial, appeal, settlement or administration of this Action;

f. any past employee of a named Party, or its affiliate(s), only if: (i) a Party deems the individual's access to Confidential Information necessary for the purposes of preparation, pre-trial discovery and proceedings, trial, appeal, settlement or administration of this Action; and (ii) the individual executes the agreement attached as Exhibit A.

g. court reporters and video equipment operators at depositions, including any authorized personnel of such persons; and

h. witnesses who are appearing for deposition or testimony in this case, voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts, whose access to Confidential Information counsel for a Party deems necessary for the purposes of preparation, pre-trial discovery and proceedings, trial, appeal, settlement or administration of this Action.

11. **Use of Artificial Intelligence and Machine Learning Tools.**

The Parties may use artificial intelligence ("AI"), machine learning, and other advanced analytics tools, including large language models and technology-assisted review platforms (collectively, "AI Tools"), for the purpose of document review, coding, classification, privilege review, deduplication, and analysis of documents and ESI in connection with this Action. The Parties agree that they may utilize AI Tools, including, but not limited to, legal research, document review, and analysis platforms such as Harvey, in connection with the review, analysis, and management of materials designated as "Confidential Information," including PHI, or "Attorneys' Eyes Only," provided that: (1) the AI Tool is operated in a closed, secure, and non-public environment, with access limited to persons authorized under this Order, and in a manner that maintains the confidentiality of the "Confidential Information," including PHI, or "Attorneys' Eyes Only" information in accordance with this Order; (2) the AI Tool and any associated service provider shall not use, access, or retain the "Confidential Information," including PHI, or "Attorneys' Eyes Only" information for any purpose other than to provide the contracted services to the Party; (3) the AI Tool shall not use the "Confidential Information," including PHI, or "Attorneys' Eyes Only" information to train its models or for any other purpose unrelated to this Action; (4) the use of the AI Tool shall not result in disclosure of "Confidential Information," including PHI, or "Attorneys' Eyes Only" information to any person or entity not otherwise authorized to receive such material under this Order; (5) the AI Tool is capable of purging,

deleting, and/or destroying any "Confidential Information," including PHI, or "Attorneys' Eyes Only" information in compliance with Paragraph 14; and (6) the Party intending to use an AI Tool with "Confidential Information," including PHI, or "Attorneys' Eyes Only" information shall notify the Producing Party in writing, identifying the AI Tool to be used and confirming that the requirements of this section will be met. The Producing Party shall have five (5) business days from receipt of such notice to object in writing to the use of the identified AI Tool; failure to object within such period shall be deemed consent to the use of the AI Tool for purposes of this Order. In the event of such an objection, the Parties shall promptly meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute within ten (10) business days of the objection, any Party may seek relief from the Court. The pendency of any such dispute shall not excuse a Party's obligation to comply with discovery deadlines set by the Court or agreed to by the Parties.

With respect to any AI Tools used to process, review, or analyze PHI, the Parties shall take all measures necessary for protecting such PHI from unauthorized disclosure as required under both state and federal law, including, but not limited to, 45 C.F.R. § 164.500 *et seq.*, and any other relevant state or federal law. Only the minimal PHI necessary for the Party's purpose shall be provided to or processed by any AI Tool. Any PHI transmitted to an AI Tool must be transmitted in a password-protected file or other secure format. To the extent feasible, the Parties are encouraged to de-identify PHI before processing through AI Tools where such de-identification would not impair the utility of the AI Tool for the intended purpose.

The use of AI Tools in connection with document review and production shall not constitute a waiver of any privilege, work product protection, or confidentiality designation. Any attorney mental impressions, case strategies, or work product reflected in the design, training, or

configuration of AI Tools (including prompts, taxonomies, and review protocols) shall remain protected as attorney work product. To the extent either Party wishes to use AI Tools for substantive document review or coding decisions that form the basis of production or withholding determinations, the Parties shall meet and confer and agree upon a process that provides quality control and validation measures that ensure the reliability of the AI Tool's output.

Nothing in this provision shall require a Party to disclose attorney work product, litigation strategy, or the specific prompts, seed sets, or training data used in connection with AI Tools, except as may be ordered by the Court upon a showing of good cause.

Each Party shall ensure that any AI Tool vendor or service provider with access to ESI or Confidential Information, including PHI, has executed appropriate confidentiality and data security agreements consistent with this Order. For any AI Tool vendor or service provider that will have access to PHI, the Party shall ensure that a Business Associate Agreement compliant with 45 C.F.R. § 164.504(e) has been executed prior to providing such PHI to the AI Tool.

12. **Acknowledgment.** Before receiving any Confidential Information designated by the opposing party, any Qualified Person identified in paragraph 10 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 10(a), 10(b), 10(c), and 10(h)) shall first be required to agree in writing to be bound by the terms of this Order, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any Confidential Information, or information contained in Confidential Information, is revealed or shown pursuant to this Order, such information may be used only for purposes of this Action and may not be used for any other purpose.

13. **Nonparties.** Any nonparty who produces documents or other information in

response to discovery requests or subpoenas in this Action shall be entitled to the benefits and protections of this Protective Order. The Parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Protective Order.

14. **Conclusion of this Action.** Upon conclusion of this Action, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information, or information claimed to be confidential, shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel, and shall certify to the producing Party such return. In the alternative, all such materials may be destroyed or permanently deleted, with written certification of destruction or deletion provided to the producing Party, except that a Party may retain Confidential Information generated by it. No originals or copies of such Confidential Information will be retained by any person or entity to whom disclosure was made. However, subject to continuing restrictions on the use of Confidential Information set forth herein, counsel of record for the Parties and in-house counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions (and exhibits thereto), and attorney work product that contain Confidential Information (other than PHI) consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm. Additionally, return and destruction of Confidential Information shall not relieve any parties or persons from any of the continuing obligation imposed on them by this Protective Order. The provisions of this paragraph shall not be binding to the extent that such provisions conflict with applicable Federal or state law.

15. **Inadvertent Production or Failure to Designate Confidential Information.**

If a Party inadvertently produces Confidential Information without the required

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, then the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter.

Upon receipt of such notice, the receiving Party shall treat the material identified in the notice as Confidential Information under this Order, subject to the provisions regarding challenges, if any, to its confidential nature under paragraph 6. Following such notice of an inadvertent production, the producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for documents containing such designation. Upon such a request for substitution, the receiving Party must return the unmarked documents to the producing Party within fourteen (14) days, destroy all copies of the unmarked documents, and certify such return and destruction, or, alternatively, certify destruction of the original unmarked documents and all copies.

16. **Inadvertent Disclosure.** If a party inadvertently discloses another party's Confidential Information to a non-Qualified Person, then upon learning of the disclosure the party making the inadvertent disclosure shall promptly: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Person; and (iii) notify the producing party of the identity of the person to whom

the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

If a Party or non-party inadvertently discloses information, including protected work product or privileged information, then such inadvertent disclosure shall in no way prejudice or otherwise constitute a waiver of any such protection, privilege or immunity. This Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege applicable to documents produced in this Action is not waived as a result of disclosure of those documents in connection with this Action. The Party or non-party that made the inadvertent disclosure shall promptly notify each receiving Party of the inadvertent disclosure in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) (a "Clawback Request"). Upon receiving a Clawback Request, each receiving Party shall promptly return the inadvertently disclosed information and make no further use of it or any copies of or summaries created from the inadvertently disclosed information, even if the receiving Party disputes the claim of privilege or immunity. The receiving Party shall return or certify destruction of any electronic copies of the allegedly protected, privileged or immune information upon receipt of replacement electronic copies from the Party or non-party asserting the protection, privilege or immunity. If the receiving Party asserts, in good faith, that the inadvertently disclosed information is not protected by any protection, privilege or immunity, then the Parties and/or non-Parties shall make reasonable attempts to confer and to resolve their dispute in good faith. If, despite such efforts, the Parties and/or Non-Parties are unable to reach agreement within seven calendar days of the Clawback Request, then any Party or non-party may petition the Court for appropriate relief consistent with the Local Rules of the United States District Court for the Eastern District of Pennsylvania. The production of documents and information shall not constitute a waiver in this Action, or any other litigation, arbitration, proceeding, or matter, of any

privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. The fact of production of privileged information or documents by any producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

17. **Confidentiality of Party's Own Documents.** Nothing herein shall affect the right of the designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating Party the information becomes public knowledge.

18. **Other Subpoenas and Orders.** If any receiving Party is subpoenaed in another action or proceeding or served with a court order or other valid order seeking the Confidential Information, including PHI, of a producing Party in this case, then this paragraph applies. Unless prohibited by law or court proceedings from doing so, the receiving Party shall give written notice to counsel for the producing Party within ten (10) business days of receiving the subpoena or order (or, if the deadline for compliance is less than ten (10) business days, as promptly as the particular circumstances require to permit the producing Party to seek protection) and allow the producing Party an opportunity to oppose such subpoena or order prior to the deadline for complying with the subpoena or order. The receiving Party shall not produce any of the Producing Party's Confidential Information in response to such subpoena if the producing Party has filed a motion

to quash the subpoena or a motion for a protective order in connection with the subpoena. For the avoidance of doubt, Producing Party's Confidential Information is limited to information produced by the Producing Party in this litigation and which was not separately in the possession, custody, or control of the receiving Party. The receiving Party shall not oppose or interfere with any effort by the Producing Party to seek such protection as to Producing Party's Confidential Information. Further, nothing in this paragraph authorizes the production of Confidential Information of the producing Party unless the subpoena or order received otherwise complies with HIPAA and applicable state law regarding the production of PHI. No disclosure in accordance with this paragraph shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

19. **No Waiver or Modification**. Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

20. **Jurisdiction to Enforce Protective Order.** Following the conclusion of this Action, the Parties and non-Parties reserve all rights to apply to the Court for an order: (1) enforcing this Order (including by sanctions as authorized by statute, rule, and the inherent power of the Court); (2) modifying this Order; or (3) seeking other or additional protection against discovery or use of Confidential Information.

21. **Future Orders.** Nothing in this Order shall prohibit the Parties from seeking future orders of the Court regarding the production or protection of these or other materials in the future.

22. **Binding Effect.** This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or

organizations over which they have control.

23. **Ongoing Obligations.** Insofar as the provisions of this Order restrict the disclosure and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Action.

24. **Expert Discovery Provisions.**

Any expert report, rebuttal report, or supplemental report filed or exchanged in this Action that contains or references another Party's Confidential Information or Attorneys' Eyes Only information shall be treated as Confidential Information or Attorneys' Eyes Only information, as applicable, unless the Court orders otherwise.

Upon the conclusion of this Action, including any appeals therefrom, all experts and consultants who received Confidential Information or Attorneys' Eyes Only information must either (1) return all such materials to counsel for the retaining Party, or (2) destroy such materials and provide written certification of destruction to counsel for the retaining Party. Such return or destruction shall be completed within sixty (60) days of the final conclusion of this Action, including any appeals or the expiration of time to appeal, as defined in paragraph 14 of this Order. Notwithstanding the foregoing, experts and consultants may retain copies of their own work product, provided that such work product shall remain subject to the confidentiality obligations of this Order in perpetuity.

If an expert or consultant is engaged by another party in a separate matter, then such person shall not use or disclose any Confidential Information or Attorneys' Eyes Only information obtained in this Action in connection with such separate matter, unless the designating Party consents in writing.

Signed on this _____ day of ___________, 2026

______________________________________
Hon. Gerald J. Pappert

*/s/ Jon Corey*
Jon Corey (D.C. Bar No. 491311) (pro hac vice)
MCKOOL SMITH, P.C.
1717 K Street NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
Email: jcorey@mckoolsmith.com

David I. Schiefelbein (NY Bar No. 4767398)
(pro hac vice)
Daniel I. Hendler (NY Bar No. 5378187)
(pro hac vice)
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Fax: (212) 402-9444
Email: dschiefelbein@mckoolsmith.com

*/s/ Sarah O'Laughlin Kulik*
*/s/ Nina A. Kalandadze*
Lawrence H. Pockers (PA No. 84589)
Sarah O'Laughlin Kulik (PA No. 318534)
Nina Kalandadze (PA No. 329064)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Fax: (215) 979-1020
Email: lhpockers@duanemorris.com
sckulik@duanemorris.com
nkalandadze@duanemorris.com

***Attorneys for Plaintiffs***

*/s/ DeMario M. Carswell*
Joshua Drew (PA Bar No. 310927)
Anthony F. Shelley (Admitted pro hac vice)
Katherine Pappas (Admitted pro hac vice)
DeMario M. Carswell (Admitted pro hac vice)
**Miller & Chevalier Chartered**
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: jdrew@milchev.com
ashelley@milchev.com
kpappas@milchev.com
dcarswell@milchev.com

***Attorneys for Defendants***